Official Form 1 (04/07)

| United States Bankruptcy Court<br>Northern District of Illinois<br>Eastern Division | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Caras, Steven L** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Caras, Megan I** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**9916** | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>**7398** |
| Street Address of Debtor (No. & Street, City, and State):<br>**5357 Balsam Court**<br>**Gurnee, IL**<br>ZIP CODE **60031** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**5357 Balsam Court**<br>**Gurnee, IL**<br>ZIP CODE **60031** |
| County of Residence or of the Principal Place of Business:<br>**lake** | County of Residence or of the Principal Place of Business:<br>**lake** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

### Type of Debtor
(Form of Organization)
(Check **one** box)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)
_____

### Nature of Business
(Check **one** box)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

### Tax-Exempt Entity
(Check box, if applicable)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

### Filing Fee (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
**Check one box:**

- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

**Check all applicable boxes:**

- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $10,000 | $10,000 to $100,000 | $100,000 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,000 to $100,000 | $100,000 to $1 million | $1 million to $100 million | More than $100 million |
|---|---|---|---|---|
| [ ] | [ ] | [x] | [ ] | [ ] |

Official Form 1 (04/07)                                                                                                    **FORM B1**, Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Steven L Caras, Megan I Caras** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:    **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X  /s/ O. Allan Fridman                          **5/19/2008**<br>    Signature of Attorney for Debtor(s)            Date<br>    **O. Allan Fridman**                          **6274954** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐    Yes, and Exhibit C is attached and made a part of this petition.<br>☑    No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☑    Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☑    Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☑    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐    There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.<br><br>☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Statement by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. |

**Official Form 1 (04/07)**                                                                                                   **FORM B1,** Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Steven L Caras, Megan I Caras** |

# Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **s/ Steven L Caras**
   Signature of Debtor   **Steven L Caras**

X **s/ Megan I Caras**
   Signature of Joint Debtor   **Megan I Caras**

   Telephone Number (If not represented by attorney)

   **5/19/2008**
   Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐   I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X **Not Applicable**
   (Signature of Foreign Representative)

   (Printed Name of Foreign Representative)

   Date

---

**Signature of Attorney**

X **/s/ O. Allan Fridman**
   Signature of Attorney for Debtor(s)

   **O. Allan Fridman,  6274954**
   Printed Name of Attorney for Debtor(s) / Bar No.

   **O. Allan Fridman**
   Firm Name

   **555 Skokie Blvd.  Suite 500**
   Address

   **Northbrook, IL 60062**

   **847-412-0788**                              **847-412-0898**
   Telephone Number

   **5/19/2008**
   Date

**Signature of Non-Attorney Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

**Not Applicable**
Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. 110.)

Address

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
   Signature of Authorized Individual

   Printed Name of Authorized Individual

   Title of Authorized Individual

   Date

X **Not Applicable**

   Date
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer 's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

FORM B6A
(10/05)

In re:    **Steven L Caras    Megan I Caras**                                    Case No. _____

                    **Debtors**                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **5357 Balsam Court, Gurnee, IL 60031** | **Fee Owner** | **J** | **$ 277,000.00** | **$ 279,048.00** |
| | Total ➢ | | **$ 277,000.00** | |

(Report also on Summary of Schedules.)

FormB6B
(10/05)

In re **Steven L Caras   Megan I Caras**                                    ,          Case No. _____
                                                Debtors                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **$17 cash on debtor** | | **17.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank Financial** | W | **600.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank Financial** | H | **0.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Baxter Credit Union** | W | **5.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Fifth Third Bank Checking** | J | **800.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **ING savings account** | W | **415.31** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Three Beds, Sofa, Love seats, sectional, 5 televisions, kitchen table, Dining room table, wall unit, buffet, 3 dressers, bedroom wal unit, coffe tables, end tables.** | J | **800.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **5 year old enclyopedia** | J | **100.00** |
| 6. Wearing apparel. | | **necessary wearing apparel** | J | **0.00** |
| 7. Furs and jewelry. | | **wedding rings, pearl necklace,** | J | **500.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| | | | | |

Form B6B-Cont.
(10/05)

In re  **Steven L Caras   Megan I Caras** _____,   Case No. _____

Debtors                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Northwestern Mutual whole life** | **J** | **2,178.00** |
| 10. Annuities. Itemize and name each issuer. | **X** | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c); Rule 1007(b)). | | **BGright start savingd for both children** | **J** | **491.12** |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **401(K) wife** | **J** | **4,134.00** |
| Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give Particulars. | | **rollover IRA** | **W** | **218.61** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Sole shareholder  Caras Creative** | **W** | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | **X** | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | **X** | | | |
| 16. Accounts receivable. | **X** | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | **X** | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | **X** | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | **X** | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | **X** | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | **X** | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | **X** | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | **X** | | | |

Form B6B-Cont.
(10/05)

In re  **Steven L Caras   Megan I Caras** _____,     Case No. _____

                              Debtors                                      (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2004 Honda Odessy 46,000 miles** | J | **20,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2009 Toyota corrola** | J | **21,260.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **two computers, computer desk, printer, fax** | J | **500.00** |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **snow blower and lawn mower** | | **100.00** |

_2_   continuation sheets attached          Total    >    **$  52,119.04**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

**Official Form 6C (04/07)**

In re    **Steven L Caras    Megan I Caras**                              Case No. _____

                              Debtors                                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:         ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $136,875
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2009 Toyota corrola | 735 ILCS 5/12-1001(c) | 2,400.00 | 21,260.00 |
| 401(K) wife | 735 ILCS 5/12-1006 | 0.00 | 4,134.00 |
| 5 year old enclyopedia | 765 ILCS 605/24 | 0.00 | 100.00 |
| | 735 ILCS 5/12-1001(b) | 100.00 | |
| | 735 ILCS 5/12-1001(a),(e) | 0.00 | |
| 5357 Balsam Court, Gurnee, IL 60031 | §750 ILCS 65-22 | 0.00 | 277,000.00 |
| Bank Financial | 735 ILCS 5/12-1001(b) | 0.00 | 0.00 |
| Bank Financial | 735 ILCS 5/12-1001(b) | 600.00 | 600.00 |
| Baxter Credit Union | 735 ILCS 5/12-1001(b) | 5.00 | 5.00 |
| BGright start savingd for both children | 735 ILCS 5/12-1001(b) | 491.12 | 491.12 |
| Fifth Third Bank Checking | 735 ILCS 5/12-1001(b) | 800.00 | 800.00 |
| ING savings account | 735 ILCS 5/12-1001(b) | 415.31 | 415.31 |
| necessary wearing apparel | 735 ILCS 5/12-1001(a),(e) | 0.00 | 0.00 |
| Northwestern Mutual whole life | 735 ILCS 5/12-1001(f) | 2,178.00 | 2,178.00 |
| rollover IRA | 735 ILCS 5/12-1006 | 0.00 | 218.61 |
| snow blower and lawn mower | 735 ILCS 5/12-1001(b) | 100.00 | 100.00 |
| Three Beds, Sofa, Love seats, sectional, 5 televisions, kitchen table, Dining room table, wall unit, buffet, 3 dressers, bedroom wal unit, coffe tables, end tables. | 735 ILCS 5/12-1001(b) | 800.00 | 800.00 |
| two computers, computer desk, printer, fax | 735 ILCS 5/12-1001(d) | 500.00 | 500.00 |
| wedding rings, pearl necklace, | 735 ILCS 5/12-1001(b) | 500.00 | 500.00 |

Official Form 6D (10/06)

In re Steven L Caras   Megan I Caras _____,   Case No. _____
                           **Debtors**                                    **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  103550687 <br><br> American Honda Finan <br> 2170 Point Blvd <br> Suite 100 <br> Elgin, IL  60123 | | | 02/01/2008 <br> 2004 Honda Odessy 46,000 miles <br> _____ <br> VALUE $20,000.00 | | | | 20,000.00 | 0.00 |
| ACCOUNT NO.  859706673 <br><br> Fifth Third Bank <br> P.O. Box 2306 <br> Cincinnati, OH  45201-2306 | | | 04/01/2008 <br> 5357 Balsam Court, Gurnee, IL 60031 <br> _____ <br> VALUE $277,000.00 | | | | 79,414.00 | 79,414.00 |
| ACCOUNT NO. <br><br> Toyota Financial Services <br> P.O. Box 5558 <br> Carol Stream, IL | | H | 2009 Toyota corrola <br> _____ <br> VALUE $21,260.00 | | | | 21,260.00 | 0.00 |
| ACCOUNT NO.  7080129259586 <br><br> Wells Fargo Home Mor <br> 3476 Stateview Blvd <br> Fort Mill, SC  29715 | | | 04/01/2008 <br> 5357 Balsam Court, Gurnee, IL 60031 <br> _____ <br> VALUE $277,000.00 | | | | 199,634.00 | 0.00 |

0   continuation sheets attached

Subtotal  ➢
(Total of this page)

Total  ➢
(Use only on last page)

| | | |
|---|---|---|
| $ | 320,308.00 | $ 79,414.00 |
| $ | 320,308.00 | $ 79,414.00 |

(Report also on Summary of Schedules)

(If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

Official Form 6E (04/07)

In re   **Steven L Caras    Megan I Caras**                                    Case No. _____
                                        Debtors                                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

❑   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑   **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑   **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑   **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑   **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑   **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**1  continuation sheets attached**

**Official Form 6E (04/07) - Cont.**

In re    **Steven L Caras    Megan I Caras**                                    Case No. _____

_____                                              (If known)
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors Holding Priority Claims

Subtotals ➤ (Totals of this page)    $ 0.00   $ 0.00   $ 0.00

Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)    $ 0.00

Total ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )    $ 0.00   $ 0.00

Official Form 6F (10/06)

In re  **Steven L Caras    Megan I Caras**                                    Case No. _____
                                         Debtors                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐      Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   -3499910050979853<br><br>**American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | | W | 4/1/2008<br>**Credit Card** | | | | 1,108.00 |
| ACCOUNT NO.   -3499909035199263<br><br>**American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | | | 4/1/2008<br>**Credit Card** | | | | 3,038.00 |
| ACCOUNT NO.   -3499913440169513<br><br>**American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | | | 4/1/2008<br>**Credit Card** | | | | 15,485.00 |
| ACCOUNT NO.   -3499904894930743<br><br>**American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | | | 4/1/2008<br>**Credit Card** | | | | 8,873.00 |
| ACCOUNT NO.   38<br><br>**Bank Of America**<br>**4060 Ogletown/Stanton Rd**<br>**De5-019-03-07**<br>**Newark, DE  19713** | | W | 4/1/2008<br>**Line Of Credit** | | | | 4,734.00 |

_4_  Continuation sheets attached

Subtotal ➢ | $ | 33,238.00

Total ➢ | $ |

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

**Official Form 6F (10/06) - Cont.**

In re  **Steven L Caras   Megan I Caras**                        Case No. _____

                                        Debtors                                        (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **6809**<br><br>**Bank Of America**<br>**De5-019-03-07**<br>**4060 Ogletown/Stanton Rd**<br>**Newark, DE  19714** | | | **5/1/2008**<br><br>**Credit Card** | | | | **9,126.00** |
| ACCOUNT NO.   **2853**<br><br>**Bank Of America**<br>**De5-019-03-07**<br>**4060 Ogletown/Stanton Rd**<br>**Newark, DE  19714** | | | **4/1/2008**<br><br>**Credit Card** | | | | **6,956.00** |
| ACCOUNT NO.   **3478**<br><br>**Bank Of America**<br>**De5-019-03-07**<br>**4060 Ogletown/Stanton Rd**<br>**Newark, DE  19714** | | | **4/1/2008**<br><br>**Credit Card** | | | | **1,547.00** |
| ACCOUNT NO.   **514021900166**<br><br>**Barclays Bank Delawa**<br>**125 South West Street**<br>**Att: Credit Bureau**<br>**Wilmington, DE  19801** | | | **4/1/2008**<br><br>**Credit Card** | | | | **1,030.00** |
| ACCOUNT NO.   **517805246918**<br><br>**Capital One Bank Usa**<br>**PO Box 85015**<br>**Richmond, VA  23285-5075** | | **W** | **4/1/2008**<br><br>**Credit Card** | | | | **11,176.00** |

Sheet no. _1_ of _4_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal ➤ $ **29,835.00**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

Official Form 6F (10/06) - Cont.

In re  **Steven L Caras    Megan I Caras**                                    Case No. _____

_____
            Debtors                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **522276000035** |  | **W** | **4/1/2008** |  |  |  | **17,231.00** |
| **Chase Bank Usa, Na 201 N. Walnut Street Wilmington, DE  19801** |  |  | **Credit Card** |  |  |  |  |
| ACCOUNT NO.  **518748110017** |  |  | **4/1/2008** |  |  |  | **13,277.00** |
| **Chase Bank Usa, Na 201 N. Walnut Street Wilmington, DE  19801** |  |  | **Credit Card** |  |  |  |  |
| ACCOUNT NO.  **6071306818305995** |  | **H** | **3/1/2008** |  |  |  | **9,000.00** |
| **Citifinancial P.O. Box 499 Hanover, MD  21076** |  |  | **Unsecured** |  |  |  |  |
| ACCOUNT NO.  **601100728433** |  | **W** | **4/1/2008** |  |  |  | **6,122.00** |
| **Discover Financial S PO Box15316 Att:Cms/Prod Develop Wilmington, DE  19850-5316** |  |  | **Credit Card** |  |  |  |  |
| ACCOUNT NO.  **601100705415** |  | **J** | **4/1/2008** |  |  |  | **6,772.00** |
| **Discover Financial S PO Box15316 Att:Cms/Prod Develop Wilmington, DE  19850-5316** |  |  | **Credit Card** |  |  |  |  |

Sheet no.  2 of 4 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal  ➤   $          **52,402.00**

Total  ➤   $

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

**Official Form 6F (10/06) - Cont.**

In re   **Steven L Caras   Megan I Caras**                              Case No. _____

                                            Debtors                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **546700240054** <br><br> **Fifth Third Credit C** <br> **Fifth Third Center** <br> **Cincinnati, OH  45202-0000** | | H | 4/1/2008 <br><br> **Credit Card** | | | | 10,879.00 |
| ACCOUNT NO.   **771422044162** <br><br> **Gemb/sam's Club** <br> **PO Box 981400** <br> **El Paso, TX  79998** | | J | 4/1/2008 <br><br> **Charge** | | | | 1,631.00 |
| ACCOUNT NO.   **169685-0502143604** <br><br> **Hsbc Best Buy** <br> **1405 Foulk Road** <br> **Wilmington, DE  19808** | | W | 4/1/2008 <br><br> **Charge** | | | | 455.00 |
| ACCOUNT NO.   **3500028279891** <br><br> **People Gas** | | W | 4/1/2008 <br><br> **Utility** | | | | 332.00 |
| ACCOUNT NO.   **4352371711832304** <br><br> **Target National Bank** <br> **Mail Stop 2Bd** <br> **P O Box 9475** <br> **Minneapolis, MN  55440-9475** | | W | 4/1/2008 <br><br> **Credit Card** | | | | 921.00 |

Sheet no. _3_ of _4_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

                                                            Subtotal  ➤  $        14,218.00

                                                            Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

**Official Form 6F (10/06) - Cont.**

In re  **Steven L Caras    Megan I Caras**                                    Case No. _____

_____

Debtors                                                                                                (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **6035320172279745** <br><br> **The Home Depot/cbsd** <br> **Ccs Gray Ops Center** <br> **PO Box 6497** <br> **Sioux Falls, SD  57117-6497** | | H | **4/1/2008** <br><br> **Charge** | | | | **7,204.00** |
| ACCOUNT NO.  **549113035633** <br><br> **Universal Card/cbsdn** <br> **8787 Baypines** <br> **Jacksonville, FL  32201** | | | **4/1/2008** <br><br> **Credit Card** | | | | **12,936.00** |

Sheet no.  4 of 4 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

|  |  |  |
|---|---|---|
| Subtotal ➤ | $ | **20,140.00** |
| Total ➤ | $ | **149,833.00** |

**(Use only on last page of the completed Schedule F.)**
**(Report also on Summary of Schedules and, if applicable on the Statistical**
**Summary of Certain Liabilities and Related Data.)**

Official Form 1, Exhibit D (10/06)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

### Eastern Division

In re:  **Steven L Caras   Megan I Caras**                    Case No. _____
             Debtor(s)                                                                     (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the **180 days before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.] [Summarize exigent circumstances here.]* _____

_____

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

**Official Form 1, Exh. D (10/06) – Cont.**

    ❑  5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district.

      **I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **s/ Steven L Caras**
                                  **Steven L Caras**

Date:  **5/19/2008**

**O. Allan Fridman   6274954**
**O. Allan Fridman**
**555 Skokie Blvd.**
**Suite 500**
**Northbrook, IL 60062**

**847-412-0788**
**Attorney for the Petitioner(s)**

# UNITED STATES BANKRUPTCY COURT

Northern District of Illinois

Eastern Division

In Re:
Debtor: **Steven L Caras**                                Case No:
Social Security Number: **9916**
                                                         Chapter **7**
Joint Debtor: **Megan I Caras**
Social Security Number: **7398**                          Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1. **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | **Unsecured Claims** | **$  1,108.00** |
| 2. **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | **Unsecured Claims** | **$  3,038.00** |
| 3. **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | **Unsecured Claims** | **$ 15,485.00** |
| 4. **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | **Unsecured Claims** | **$  8,873.00** |
| 5. **American Honda Finan**<br>**2170 Point Blvd**<br>**Suite 100**<br>**Elgin, IL  60123** | **Secured Claims** | **$ 20,000.00** |

In re:  **Steven L Caras**
**Megan I Caras**

Case No. _____

| 6. | **Bank Of America**<br>**4060 Ogletown/Stanton Rd**<br>**De5-019-03-07**<br>**Newark, DE  19713** | **Unsecured Claims** | **$  4,734.00** |
|---|---|---|---|
| 7. | **Bank Of America**<br>**De5-019-03-07**<br>**4060 Ogletown/Stanton Rd**<br>**Newark, DE  19714** | **Unsecured Claims** | **$  9,126.00** |
| 8. | **Bank Of America**<br>**De5-019-03-07**<br>**4060 Ogletown/Stanton Rd**<br>**Newark, DE  19714** | **Unsecured Claims** | **$  6,956.00** |
| 9. | **Bank Of America**<br>**De5-019-03-07**<br>**4060 Ogletown/Stanton Rd**<br>**Newark, DE  19714** | **Unsecured Claims** | **$  1,547.00** |
| 10. | **Barclays Bank Delawa**<br>**125 South West Street**<br>**Att: Credit Bureau**<br>**Wilmington, DE  19801** | **Unsecured Claims** | **$  1,030.00** |
| 11. | **Capital One Bank Usa**<br>**PO Box 85015**<br>**Richmond, VA  23285-5075** | **Unsecured Claims** | **$ 11,176.00** |
| 12. | **Chase Bank Usa, Na**<br>**201 N. Walnut Street**<br>**Wilmington, DE  19801** | **Unsecured Claims** | **$ 17,231.00** |
| 13. | **Chase Bank Usa, Na**<br>**201 N. Walnut Street**<br>**Wilmington, DE  19801** | **Unsecured Claims** | **$ 13,277.00** |
| 14. | **Citifinancial**<br>**P.O. Box 499**<br>**Hanover, MD  21076** | **Unsecured Claims** | **$  9,000.00** |

In re:   **Steven L Caras**
　　　　 **Megan I Caras**

Case No. _____

| | | |
|---|---|---|
| 15. | **Discover Financial S**<br>**PO Box15316**<br>**Att:Cms/Prod Develop**<br>**Wilmington, DE  19850-5316** | **Unsecured Claims**　　　　$  6,122.00 |
| 16. | **Discover Financial S**<br>**PO Box15316**<br>**Att:Cms/Prod Develop**<br>**Wilmington, DE  19850-5316** | **Unsecured Claims**　　　　$  6,772.00 |
| 17. | **Fifth Third Bank**<br>**P.O. Box 2306**<br>**Cincinnati, OH  45201-2306** | **Secured Claims**　　　　$ 79,414.00 |
| 18. | **Fifth Third Credit C**<br>**Fifth Third Center**<br>**Cincinnati, OH  45202-0000** | **Unsecured Claims**　　　　$ 10,879.00 |
| 19. | **Gemb/sam's Club**<br>**PO Box 981400**<br>**El Paso, TX  79998** | **Unsecured Claims**　　　　$  1,631.00 |
| 20. | **Hsbc Best Buy**<br>**1405 Foulk Road**<br>**Wilmington, DE  19808** | **Unsecured Claims**　　　　$     455.00 |
| 21. | **People Gas** | **Unsecured Claims**　　　　$     332.00 |
| 22. | **Target National Bank**<br>**Mail Stop 2Bd**<br>**P O Box 9475**<br>**Minneapolis, MN  55440-9475** | **Unsecured Claims**　　　　$     921.00 |
| 23. | **The Home Depot/cbsd**<br>**Ccs Gray Ops Center**<br>**PO Box 6497**<br>**Sioux Falls, SD  57117-6497** | **Unsecured Claims**　　　　$  7,204.00 |

In re:   **Steven L Caras**
         **Megan I Caras**                                      Case No. _____

| | | | |
|---|---|---|---|
| 24 . | **Toyota Financial Services**<br>**P.O. Box 5558**<br>**Carol Stream, IL** | **Secured Claims** | **$ 21,260.00** |
| 25 . | **Universal Card/cbsdn**<br>**8787 Baypines**<br>**Jacksonville, FL  32201** | **Unsecured Claims** | **$ 12,936.00** |
| 26 . | **Wells Fargo Home Mor**<br>**3476 Stateview Blvd**<br>**Fort Mill, SC  29715** | **Secured Claims** | **$ 199,634.00** |

In re:    **Steven L Caras**
      **Megan I Caras**

Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)

# DECLARATION

I, **Steven L Caras**, and I, **Megan I Caras**, named as debtors in this case, declare under penalty of perjury that we have read the foregoing Numbered Listing of Creditors, consisting of **4 sheets** (not including this declaration), and that it is true and correct to the best of our information and belief.

Signature:    **s/ Steven L Caras** _____
                **Steven L Caras**

Dated:    **5/19/2008** _____

Signature:    **s/ Megan I Caras** _____
                **Megan I Caras**

Dated:    **5/19/2008** _____

Form B6G
(10/05)

In re:  **Steven L Caras    Megan I Caras**                                    Case No. _____
                              Debtors                                                              (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

Form B6H
(10/05)

In re:  **Steven L Caras    Megan I Caras**                                    Case No. _____
_____.                                                    **(If known)**
                          **Debtors**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|------------------------------|------------------------------|
|                              |                              |

Official Form 6I (10/06)

In re   **Steven L Caras Megan I Caras** _____   Case No. _____
Debtors                                                    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 7, 11, 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| | son | 9 |
| | son | 6 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **manager** | **copy writer** |
| Name of Employer | **Bed Bath and Beyond** | **Cardinal** |
| How long employed | **7 years** | **1.5** |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ | 4,747.90 | $ | 3,950.68 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 4,747.90 | $ | 3,950.68 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 997.69 | $ | 644.89 |
| b. Insurance | $ | 215.74 | $ | 82.33 |
| c. Union dues | $ | 0.00 | $ | 0.00 |
| d. Other (Specify)   401(k) | $ | 0.00 | $ | 256.80 |
|    child care flex | $ | 0.00 | $ | 0.00 |
|    helath care | $ | 0.00 | $ | 0.00 |
| 5.  SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 1,213.42 | $ | 984.02 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 3,534.48 | $ | 2,966.66 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | 0.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | 0.00 | $ | 0.00 |
| 11. Social security or other government assistance (Specify) | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income (Specify) | $ | 0.00 | $ | 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 0.00 | $ | 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 3,534.48 | $ | 2,966.66 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ 6,501.14 | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

**Official Form 6I (10/06) - Cont.**

In re **Steven L Caras Megan I Caras** _____   Case No. _____

<u>Debtors</u>                                            **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

<u>NONE</u>

Official Form 6J (10/06)

In re **Steven L Caras Megan I Caras** _____,        Case No. _____
                        **Debtors**                                            **(If known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ 1,906.00 |
|    a. Are real estate taxes included?  Yes ✓  No _____ | |
|    b. Is property insurance included?  Yes ✓  No _____ | |
| 2. Utilities: a. Electricity and heating fuel | $ 237.01 |
|    b. Water and sewer | $ 41.10 |
|    c. Telephone | $ 198.00 |
|    d. Other **cell phone** | $ 89.26 |
|       **garbage** | $ 14.65 |
| 3. Home maintenance (repairs and upkeep) | $ 50.00 |
| 4. Food | $ 50.00 |
| 5. Clothing | $ 200.00 |
| 6. Laundry and dry cleaning | $ 50.00 |
| 7. Medical and dental expenses | $ 583.00 |
| 8. Transportation (not including car payments) | $ 465.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 44.00 |
| 10. Charitable contributions | $ 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | |
|    a. Homeowner's or renter's | $ 0.00 |
|    b. Life | $ 158.00 |
|    c. Health | $ 0.00 |
|    d. Auto | $ 179.34 |
|    e. Other **childcare** | $ 583.00 |
|       **dental** | $ 55.73 |
|       **grooming** | $ 100.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) _____ | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | |
|    a. Auto | $ 876.85 |
|    b. Other **home equity** | $ 548.01 |
| 14. Alimony, maintenance, and support paid to others | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| 17. Other **dogs** | $ 30.00 |
|    **dogs vet** | $ 40.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 6,498.95 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | |
|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | |
|    a. Average monthly income from Line 15 of Schedule I | $ 6,501.14 |
|    b. Average monthly expenses from Line 18 above | $ 6,498.95 |
|    c. Monthly net income (a. minus b.) | $ 2.19 |

**Official Form 6 - Summary (10/06)**

# United States Bankruptcy Court
## Northern District of Illinois
### Eastern Division

In re  **Steven L Caras    Megan I Caras** _____,        Case No. _____
                                    Debtors

                                    Chapter    _7_ _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 277.000.00 | | |
| B - Personal Property | YES | 3 | $ 52.119.04 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 320.308.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 5 | | $ 149.833.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 6.501.14 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 6.498.95 |
| TOTAL | | 18 | $ 329,119.04 | $ 470,141.00 | |

**Official Form 6 - Declaration (10/06)**

In re  **Steven L Caras   Megan I Caras** _____          Case No. _____
                          **Debtors**                                                                          **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **20** sheets (*total shown on summary page plus* 2), and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **5/19/2008** _____          Signature:  **s/ Steven L Caras** _____
                                                           **Steven L Caras**
                                                                   Debtor


Date:  **5/19/2008** _____          Signature:  **s/ Megan I Caras** _____
                                                           **Megan I Caras**
                                                               (Joint Debtor, if any)

                                   [If joint case, both spouses must sign]


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

_____

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Official Form 7
(04/07)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re: **Steven L Caras    Megan I Caras**

_____,
                            Debtors

Case No. _____

                            (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 927.00 | Caras Creative | 2007 |
| 13,587.00 | Cardinal Health, Mc Gaw PArk, IL | 2006 |
| 16,366.92 | Cardinal Helath | 2008 |
| 52,799.27 | Bed Bath and Beyond, | 2006 |
| 52,738.46 | Bed Bath and Beyond, | 2007 |
| 19,918.25 | Bed Bath and Beyond, | 2008 |
| 1,475.00 | Caras Creative | 2007 |
| 22,485.00 | Adecco, Waukegan, IL | 2006 |
| 41,528.62 | Cardinal Health | 2007 |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

## 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
❑

a.  *Individual or joint debtor(s) with primarily consumer debts*: List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case if the aggregate value of all property that constitutes or is affected by such transfer is not less that $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | **4/7/08** | **845.00** | **300.00** |
| **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | **2/24/08** | **1,192.75** | **1,000.00** |
| **American Express**<br>**P.O. Box 981537**<br>**El Paso, TX  79998** | | **2,000.00** | **1,000.00** |

None
☑

b.  *Debtor whose debts are not primarily consumer debts:*  List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of the case if the aggregate value of all property that constitutes or is affected by such transfer is not less than $5,475. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

c.  *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.   Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.   Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.   Assignments and receiverships

None
☑

a.   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.   List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

## 7.   Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8.   Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

## 9.   Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **O. Allan Fridman** | **5/6/08** | **1899.00** |

## 10.  Other transfers

None
☐

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **libertyville Toyota none** | **05/01/2008** | **1998 Toyota corrola 116,000 miles reviced $1000 tradein value for** |

None


b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None


List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

6

## 13. Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **5357 Balsam Court Gurenee, IL** | **Steven and Megan Caras** | **3/26/02- to prresent** |

## 16. Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.      List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.      List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☐    a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOC. SEC. NO./ COMPLETE  EIN OR OTHER TAXPAYER I.D. NO. | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|---------|--------------------|----------------------------|
| **Caras Creative, Inc.** | **20-2298630** | **5357 Balsam Court Gurnee, Il** | **writing and editing** | **02/07/2005** |

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None ☑

| NAME | ADDRESS |
|------|---------|

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **5/19/2008**          Signature of Debtor    **s/ Steven L Caras**
                                                      **Steven L Caras**

Date   **5/19/2008**          Signature of Joint Debtor    **s/ Megan I Caras**
                                                      **Megan I Caras**

B 203
(12/94)

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**
**Eastern Division**

In re: | **Steven L Caras** | **Megan I Caras** | | Case No. |
| | Debtors | | Chapter | **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 1,899.00 |
| Prior to the filing of this statement I have received | $ | 950.00 |
| Balance Due | $ | 949.00 |

2. The source of compensation paid to me was:

   ☒ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) [Other provisions as needed]
      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: **5/19/2008**

**/s/ O. Allan Fridman**
O. Allan Fridman, Bar No. 6274954

**O. Allan Fridman**
Attorney for Debtor(s)

B 201 (04/09/06)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

# NOTICE TO INDIVIDUAL CONSUMER DEBTOR UNDER § 342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case. You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7:  Liquidation  ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)**

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

B 201                                                                                    Page 2

**Chapter 11:  Reorganization  ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3.  Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

| O. Allan Fridman | /s/ O. Allan Fridman | 5/19/2008 |
|---|---|---|
| Printed Name of Attorney | Signature of Attorney | Date |

Address:

**O. Allan Fridman
555 Skokie Blvd.
Suite 500
Northbrook, IL 60062**

**847-412-0788**

### Certificate of the Debtor

We, the debtors, affirm that we have received and read this notice.

| Steven L Caras | X s/ Steven L Caras | 5/19/2008 |
|---|---|---|
| **Megan I Caras** | **Steven L Caras** | |
| | Signature of Debtor | Date |
| Printed Name(s) of Debtor(s) | X s/ Megan I Caras | 5/19/2008 |
| | **Megan I Caras** | |
| Case No. (if known) | Signature of Joint Debtor | Date |

Form 8
(10/05)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division

In re:  **Steven L Caras   Megan I Caras**

Debtors

Case No. _____

Chapter  **7**  _____

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

☑ I have filed a schedule of assets and liabilities which includes debts secured by property of the estate.

☐ I have filed a schedule of executory contracts and unexpired leases which includes personal property subject to an unexpired lease.

☐ I intend to do the following with respect to the property of the estate which secures those debts or is subject to a lease:

| Description of Secured Property | Creditor's Name | Property will be Surrendered | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1. **2004 Honda Odessy 46,000 miles** | **American Honda Finan** | | | | **X** |
| 2. **5357 Balsam Court, Gurnee, IL 60031** | **Fifth Third Bank** | | | | **X** |
| 3. **2009 Toyota corrola** | **Toyota Financial Services** | | | | **X** |
| 4. **5357 Balsam Court, Gurnee, IL 60031** | **Wells Fargo Home Mor** | | | | **X** |

| Description of Leased Property | Lessor's Name | Lease will be assumed pursuant to 11 U.S.C. § 362(h)(1)(A) |
|---|---|---|
| **None** | | |

s/ Steven L Caras          5/19/2008

**Steven L Caras**
Signature of Debtor          Date

s/ Megan I Caras          5/19/2008

**Megan I Caras**
Signature of Joint Debtor (if any)          Date

### UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:                                          Bankruptcy Case Number: _____

**Steven L Caras**
**Megan I Caras**


## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____


The above named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.



Dated:  **5/19/2008**                          **s/ Steven L Caras** _____
                                               **Steven L Caras**
                                                           Debtor


                                               **s/ Megan I Caras** _____
                                               **Megan I Caras**
                                                           Joint Debtor

```
American Express
P.O. Box 981537
El Paso, TX  79998



American Honda Finan
2170 Point Blvd
Suite 100
Elgin, IL  60123



Bank Of America
4060 Ogletown/Stanton Rd
De5-019-03-07
Newark, DE  19713



Bank Of America
De5-019-03-07
4060 Ogletown/Stanton Rd
Newark, DE  19714



Barclays Bank Delawa
125 South West Street
Att: Credit Bureau
Wilmington, DE  19801



Capital One Bank Usa
PO Box 85015
Richmond, VA  23285-5075



Chase Bank Usa, Na
201 N. Walnut Street
Wilmington, DE  19801



Citifinancial
P.O. Box 499
Hanover, MD  21076



Discover Financial S
PO Box15316
Att:Cms/Prod Develop
Wilmington, DE  19850-5316
```

```
Fifth Third Bank
P.O. Box 2306
Cincinnati, OH  45201-2306




Fifth Third Credit C
Fifth Third Center
Cincinnati, OH  45202-0000




Gemb/sam's Club
PO Box 981400
El Paso, TX  79998




Hsbc Best Buy
1405 Foulk Road
Wilmington, DE  19808




People Gas




Target National Bank
Mail Stop 2Bd
P O Box 9475
Minneapolis, MN  55440-9475




The Home Depot/cbsd
Ccs Gray Ops Center
PO Box 6497
Sioux Falls, SD  57117-6497




Toyota Financial Services
P.O. Box 5558
Carol Stream, IL




Universal Card/cbsdn
8787 Baypines
Jacksonville, FL  32201
```

Wells Fargo Home Mor
3476 Stateview Blvd
Fort Mill, SC  29715